UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANK STERLING, ROBERT BARR, and TIMOTHY VIERRA,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF ANTIOCH and COUNTY OF CONTRA COSTA,<br><br>  Defendants. | Case No. 13-cv-00812-NC<br><br>**ORDER DENYING DEFENDANT COUNTY OF CONTRA COSTA's MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

   The issue before the Court is whether plaintiffs' claims against the County of Contra Costa and its employees under 42 U.S.C. § 1983 expired prior to filing. For the reasons set forth below, the Court holds that the claims did not expire because they were tolled under California Government Code § 945.3 during the pendency of the criminal charges against plaintiffs. The Court, therefore, DENIES the motion to dismiss.

**I. BACKGROUND**

   In analyzing claims under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all material facts alleged in the complaint are true. *Coal. For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010). According to the complaint here, on November 21, 2009, Frank Sterling, Robert Barr, and Timothy Vierra ("plaintiffs") were at Sterling's residence in the City of Antioch when members of the Antioch Police Department ("APD") arrived to investigate a noise complaint. Dkt. No. 1

¶¶ 13, 34. Plaintiffs allege that, after the noise complaint was resolved, the officers invaded Sterling's residence and brutally attacked plaintiffs. *Id.* ¶¶ 3, 38-45. The APD arrested plaintiffs and took them to the Martinez Detention Facility ("MDF"), which is operated by the Contra Costa County ("County") Sheriff's Office. *Id.* ¶¶ 20, 50, 63. Sterling and Barr were transported in APD patrol vehicles to the MDF after they received medical treatment at the County's Regional Medical Center. *Id.* ¶¶ 46, 50. The complaint alleges that Officer Ryan McDonald, who transported Sterling, contacted the MDF beforehand to advise jail personnel of Sterling's imminent arrival. *Id.* ¶ 51. When Barr arrived at the jail several Sheriff's deputies and a sergeant came out wearing blue gloves. *Id.* ¶ 52. Sterling arrived shortly thereafter. *Id.* The APD officer who transported Barr to the jail told the deputies and sergeant that "the guy with McDonald" cut the officer's face. *Id.* One of the deputies asked which one they could "do first." *Id.* When Sterling arrived at the jail the deputies remarked, "so this is the tough guy." *Id.* at 57. Vierra was transported to the APD jail after his arrest, held there for a few hours, and later transferred to the MDF. *Id.* at 63. Upon his arrival at the MDF, Vierra heard one of the Sheriff's deputies say, "is this another one?" *Id.* at 64. Based on these allegations, plaintiffs claim that the APD "instigated, created and facilitated" additional attacks on plaintiffs by County employees at the MDF by telling the receiving County deputies that plaintiffs had assaulted and battered the arresting APD officers. *Id.* ¶ 118. Plaintiffs maintain that, as a result, they were subjected to excessive force by employees of the County while held at the MDF. *Id.* ¶ 119.

The complaint further alleges that the APD officers prepared police reports falsely claiming that plaintiffs had attacked them without provocation. *Id.* ¶¶ 69-82. On December 9, 2009, criminal charges were filed against plaintiffs for resisting a peace officer and battery with injury upon a peace officer during their arrest at Sterling's home by the APD. *Id.* ¶ 83; Dkt. No. 7 at 2:4-5. In May 2012, an original videotape of plaintiffs' arrest was located that contradicted the APD officers' testimony. Dkt. No. 1 ¶¶ 91-92. Shortly thereafter, plaintiffs entered negotiations with the prosecution and, by July 9, 2012, all criminal charges against plaintiffs were dismissed. *Id.* ¶¶ 96-100.

On February 22, 2013, plaintiffs filed this suit under 42 U.S.C. § 1983 against the City of Antioch, certain APD officers, the County of Contra Costa, and unidentified employees of the County. *Id.* ¶¶ 113, 147. The first cause of action alleges, among other things, that employees of the County's Sheriff's Office used excessive force on plaintiffs at the MDF by having "willfully and maliciously battered Plaintiffs because Plaintiffs had allegedly fought with APD officers Defendants Kint and Hoffman." *Id.* ¶¶ 21, 119-20. The fifth cause of action alleges municipal and supervisorial liability against the County for the actions of the employees of the County Sheriff's Office. *Id.* ¶¶ 147-53.

The County filed the instant motion to dismiss the fifth cause of action under Federal Rule of Civil Procedure 12(b)(6), on the ground that it is barred by the statute of limitations. Dkt. No. 6. In its reply in support of the motion, the County also requests that paragraphs 119 and 120 of the complaint be stricken for the same reasons. Dkt. No. 20 at 2.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367(a). Dkt. No. 1 ¶¶ 29-30. The parties consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c). Dkt. Nos. 5, 12.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556–57) (internal quotation marks omitted). All allegations of material fact are taken as true and are construed in the light most favorable to the non-moving party. *VeriSign, Inc.*, 611 F.3d at 501. However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Additionally, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

**A.     The County's Request for Judicial Notice Is Granted.**

As a general rule, a court may not look to matters beyond the complaint without converting a motion to dismiss into one for summary judgment. *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010) (Laporte, J.) (citations omitted). However, a court may take judicial notice of "material which is either submitted as part of the complaint or necessarily relied upon by the complaint," as well as "matters of public record." *Id.* Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See id.*

Here, the County requests that the Court take judicial notice of the criminal complaint and the charges in *The People of the State of California v. Robert Early Barr, and Timothy Michael Vierra, and Frank Thomas Sterling*, Case No. 163815-4. Dkt. No. 7 at 2:4-5. Plaintiffs have not opposed this request. Judicial notice of a criminal complaint is appropriate under Federal Rule of Evidence 201. *See, e.g., Hunt v. Check Recovery Systems, Inc.*, 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007). The Court grants the request and takes judicial notice of the criminal complaint and the charges in it, Exhibit A, Dkt. No. 7 at 3-7.

**B.     Plaintiffs' Claims Expired on November 21, 2011 Absent Tolling.**

A claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). The claims against the County here accrued on November 21, 2009, when plaintiffs allege they were subjected to excessive force by deputies at the MDF. Dkt. No. 1 ¶¶ 34-66, 119. Because 42 U.S.C. § 1983 does not prescribe a limitations period, the Court applies California's statute of limitations for personal injury actions, set forth in California Civil

Procedure Code § 335.1. *TwoRivers*, 174 F.3d at 991 (citing *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985)). Under the two-year statute of limitations of § 335.1, plaintiffs' claims against the County expired on November 21, 2011, absent tolling. *See Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004).

Plaintiffs concede that they did not file suit within two years of the alleged injury. Dkt. No. 17 at 2:8. Plaintiffs, however, argue that their claims did not expire because they were tolled by California Civil Procedure Code § 352.1 and California Government Code § 945.3. *Id.* at 8:4-9, 10:11-17. As courts must consult state tolling statutes in determining the date the statute of limitations expires, the Court considers the applicability of both statutes to the present case. *See Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997) (citing *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989)).

**1.   Applying California Civil Procedure Code § 352.1 Would Not Save Plaintiffs' Claims.**

First, plaintiffs argue that their claims are subject to tolling under California Civil Procedure Code § 352.1. Dkt. No. 17 at 8:1-7. Section 352.1 provides for tolling of applicable statutes of limitations for the duration of a person's detention not exceeding two years if, at the time the cause of action accrued, the person entitled to bring the cause of action was "imprisoned" for a criminal offense. Here, plaintiffs were arrested and detained on November 21, 2009. Dkt. No. 1 ¶¶ 34-66. Sterling was released on November 22, 2009, Barr on November 23, 2009, and Vierra on November 24, 2009. Dkt. No. 1 ¶¶ 66-68. Thus, any tolling under § 352.1 would extend the expiration of the limitations period by only one to three days. Because plaintiffs' claims were filed on February 22, 2013, a one to three-day extension beyond November 21, 2011 would not save the claims from being time-barred.

**2.   California Government Code § 945.3 Tolls the Statute of Limitations.**

Plaintiffs also argue that their claims are subject to tolling under California Government Code § 945.3. Dkt. No. 17 at 8:8-10.

//

Section 945.3 provides in pertinent part:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring *a civil action* for money or damages against a peace officer or the public entity employing a peace officer *based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused*, while the charges against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting *these actions* shall be tolled during the period that the charges are pending before a superior court.

Cal. Gov. Code § 945.3 (emphasis added).

Were § 945.3 to apply, it would toll the statute of limitations from December 9, 2009, when the criminal charges were filed against plaintiffs, through the dismissal of the criminal charges in July 2012. Plaintiffs' complaint in this case was filed on February 22, 2013, which is within 8 months of the termination of the criminal prosecutions, and thus within the two-year statute of limitations period after accounting for tolling under § 945.3. The parties, however, disagree as to whether § 945.3 applies to toll the statute of limitations on plaintiffs' claims against the County. The Court finds that it does.

The pertinent inquiry under § 945.3 is whether the present civil action against the County and its employees is "based upon conduct of the [County's employees] relating to the offense" for which plaintiffs were charged in the criminal complaint. Cal. Gov. Code § 945.3. Such conduct, according to the plain language of the statute, includes "an act or omission in investigating or reporting the offense or arresting or detaining the accused." *Id.* According to the allegations of the complaint, the claims against the County and its employees are based upon the conduct of County employees in "willfully and maliciously" battering plaintiffs during their detention at the MDF after they were arrested by the APD. Dkt. No. 1 ¶¶ 21, 118-20. The alleged battery, therefore, constitutes "an act or omission in . . . detaining the accused" for the criminal offense with which plaintiffs were charged. *See* Cal. Gov. Code § 945.3.

Moreover, the alleged battery of plaintiffs at the MDF occurred on the same day as the violent interaction between plaintiffs and the APD, and was in connection with, and as a

Case No. 13-cv-00812-NC
ORDER DENYING MOTION TO
DISMISS CLAIMS

6

result of, plaintiffs' arrest by the APD.  Dkt. No. 1 ¶¶ 34, 46, 50, 63.  The complaint in this case alleges that the use of excessive force by the County employees was instigated and facilitated by the APD in telling the receiving County deputies that plaintiffs had assaulted and battered the arresting APD officers during plaintiffs' arrest on November 21, 2009, which is the same conduct for which plaintiffs were charged criminally.  *Id.*; Dkt. Nos. 1 ¶ 83; 7 at 2:4-5.  Plaintiffs' purported use of violence against the APD officers during the arrest is thus relevant to both the criminal complaint and the present civil action.  Accordingly, contrary to the County's contention, plaintiffs have alleged a "nexus between the criminal charges against plaintiffs and what plaintiffs allege occurred in the Martinez Detention Facility."  Dkt. No. 20 at 3:9-10.

In opposition, the County argues that § 945.3 does not apply because plaintiffs were not criminally charged based on any conduct involving the County or its employees.  Dkt. No. 20 at 3:19-22, 4:4-5.  This argument reads a non-existing limitation into the statute.  Section 945.3 prohibits the filing of civil actions "based upon conduct of the peace officer relating to" the criminal offense charged during the pendency of those charges.  Section 945.3 does not distinguish between different groups of peace officers, within or between organizations, and specifically contemplates conduct, such as detention, which may involve officers not present when the charged criminal conduct occurred.  The County's position would require that the *same* conduct constitute a basis for both the criminal charges and the civil action.  That argument is not supported by the plain language of the statute.  While the statute does not define "relating to," "a statute should be interpreted in accord with the 'usual, ordinary meaning of its language unless doing so would undermine its manifest legislative purpose or lead to absurd results.'"  *McAlpine v. Superior Court*, 209 Cal. App. 3d 1, 6 (1989) (citation omitted).  If the Legislature had intended to create a narrower tolling rule, it could have easily used a more restrictive term than the broad term "relating to."  *See Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 868 (1993) ("'[R]elated' is broad enough to encompass both logical as well as causal relationships. . . . [T]he fact that 'related' can encompass a wide variety of relationships

Case No. 13-cv-00812-NC
ORDER DENYING MOTION TO
DISMISS CLAIMS                                    7

does not necessarily render the word ambiguous.  To the contrary, a word with a broad meaning or multiple meanings may be used for that very reason—its breadth—to achieve a broad purpose.").  Furthermore, the specific inclusion of acts and omissions "in investigating or reporting the offense or arresting or detaining the accused" as instances of conduct "relating to the offense for which the accused is charged" also counsels against the restrictive interpretation advocated by the County.

In support of its position, the County relies on *Torres v. City of Santa Ana,* 108 F.3d 224, 227-28 (9th Cir. 1997).  In *Torres*, the plaintiff was arrested for two misdemeanors: prowling, and resisting and obstructing an officer in the performance of his duties. *Torres*, 108 F.3d at 225.  As a result of the arrest, a petition for arraignment on probation violation was filed against the plaintiff, and he subsequently admitted violating his probation which had been imposed in 1991 when plaintiff pled guilty to robbery.  *Id.*  The plaintiff initiated a civil action alleging that he was subjected to excessive force during his arrest, and attempted to apply § 945.3 tolling to his civil action from the date the petition for arraignment was filed.  *Id.* at 227-28.  *Torres* held that the plaintiff's "civil complaint is not related to the petition for arraignment because [plaintiff]'s probation pertains to his 1991 robbery conviction, and not to his 1994 arrest."  *Id.* at 228.  Thus, "although the petition was *triggered* by the arrest upon which [the plaintiff's] complaint [was] based, it *relate[d]* only to [the plaintiff]'s original conviction for robbery."  *Id.*

The County cites *Torres* for the proposition that just because two distinct events happen on the same day does not mean they are *related to the criminal charges* and subject to tolling. Dkt. No. 20 at 5:4-25.  This argument is inapposite because, in this case, the events that transpired at Sterling's residence and the alleged events at the MDF later that day were not two entirely distinct events, if we accept the allegations of the complaint as true as required at this stage.  *VeriSign, Inc.*, 611 F.3d at 501.  Furthermore, *Torres* is factually distinguishable.  The plaintiff in *Torres* filed a civil action against peace officers based upon their conduct during his 1994 arrest.  *Torres*, 108 F.3d at 226.  That conduct did not "relat[e]" to "an act or omission in investigating or reporting the offense or arresting or

detaining the accused" because, as the court in *Torres* held, the offense asserted as tolling was the 1991 robbery conviction, not the misdemeanors for which plaintiff was arrested in 1994. Cal. Gov. Code § 945.3; *Torres*, 108 F.3d at 228. Unlike *Torres*, here there is no other criminally charged offense to which the alleged conduct of the County could relate. Plaintiffs have brought a claim against the County based upon the conduct of its employees during plaintiffs' detention in connection with the incident for which they were criminally charged. Dkt. No. 1 ¶¶ 50-68, 83. Additionally, plaintiffs here claim they were subjected to excessive force *because* the County employees were told by the APD that plaintiffs battered the arresting APD officers, thus alleging a direct connection between plaintiffs' criminally charged offenses and the conduct of the deputies at the MDF. *Id.* ¶¶ 52, 118-19. Therefore, at least at the pleading stage, the present action against the County and its employees alleges a relationship between the claimed § 1983 violations and the criminal charges that was absent in *Torres*.

The other case cited by the County, *Cuadra v. City of South San Francisco*, No. 08-cv-3439, 2009 WL 593988 (N.D. Cal. Mar. 5, 2009), is also factually distinguishable and does not support the County's position. On July 8, 2006, the plaintiff in *Cuadra* was arrested and transported to county jail. *Id.* at *1. After his release the plaintiff filed an administrative complaint alleging that the arresting officers used excessive force in effecting his arrest. *Id.* On December 6, 2006, criminal charges were filed against the plaintiff for preparing a false complaint and he was arrested a second time. *Id.* Plaintiff then brought claims under 42 U.S.C. § 1983, which included allegations of excessive force and unreasonable search and seizure pertaining to his arrest on July 8, 2006. *Id.* at *2. Plaintiff argued that the statute of limitations on his 42 U.S.C. § 1983 claims was tolled under § 945.3 as a result of the December 2006 charges. *Id.* at *2-3. Like *Torres*, *Cuadra* involved two separate criminally charged offenses—the July 2006 offense for which plaintiff was arrested and the December 2006 filing of a false report. *Id.* at *1. Following *Torres*, the court in *Cuadra* sought to determine "which events each of [plaintiff]'s causes of actions [was] related [to]." *Id.* at *3. The court held that plaintiff's claims for violations

of § 1983 pertaining to his initial arrest in July 2006 were not subject to tolling under § 945.3 as they did not relate to the criminal charges brought against him in December 2006 for the subsequent incident of preparing a false administrative complaint. *Id.* In the words of § 945.3, the conduct of the officers during the July 2006 incident did not "relat[e]" to "an act or omission in investigating or reporting the offense or arresting or detaining the accused," because the criminal offense asserted as a basis for the tolling was the December 2006 offense. By contrast, here, there was a single instance of criminal charges arising out of plaintiffs' alleged battery of APD officers. Dkt. No. 1 ¶ 83. The alleged § 1983 violations by the deputies at the MDF are directly connected to those criminal charges, not to a separate offense as in *Cuadra*. *Id.* ¶¶ 39-45, 51-68.

Finally, the County asserts that tolling plaintiffs' claims would fail to further the policies behind § 945.3. Dkt. No. 20 at 3:26-28 n.3. As recognized by the Ninth Circuit, the statute was enacted to "eliminate the use of civil damage complaints as plea bargaining levers" and "to prevent the use of civil actions as a discovery device to inquire into prosecutorial information while the criminal charge is pending." *Harding v. Galceran*, 889 F.2d 906, 908-09 (9th Cir. 1989) (citation omitted). The court in *Harding* explained that, although "under the Supremacy Clause, these policies cannot be served by prohibiting a party from bringing a section 1983 claim, they can be served by tolling the statute of limitations in section 1983 claims when there are criminal charges pending against the potential plaintiff." *Id.* at 909. While the APD and the County Sheriff's Office in this case are separate defendants, the factual overlap between the arrest and subsequent detention, including the identity of the persons involved in those events, and the communications and interactions between the APD officers and County employees, creates a potential for using the civil action against the County as both a discovery device and a plea bargaining lever. Additionally, the tolling provision serves the "independent policy objective" of encouraging criminal defendants to await the outcome of the criminal action prior to initiating a § 1983 action, which may result in avoiding unnecessary and costly actions. *Id.* Applying § 945.3 to toll plaintiffs' claims here is consistent with the policies behind § 945.3.

Case No. 13-cv-00812-NC
ORDER DENYING MOTION TO
DISMISS CLAIMS
10

Construing the material fact allegations in the light most favorable to plaintiffs, the Court finds that plaintiffs have alleged a sufficient degree of interrelatedness and factual overlap between the criminal charges against them and the claims against the County defendants to survive a motion to dismiss pursuant to § 945.3 tolling.

## IV. CONCLUSION

The County's motion to dismiss plaintiffs' claims on the ground that the claims are barred by the statute of limitations is DENIED.

At the hearing on the motion to dismiss, the County requested that, if the Court denies the motion to dismiss, the order be certified for interlocutory appeal under 28 U.S.C. § 1292(b). By June 28, 2013, the County may file either a motion explaining (1) why the Court should permit an interlocutory appeal, and (2) whether a stay of the case is appropriate and for what period of time, or a statement that the County does not intend to pursue an interlocutory appeal of this order. Any opposition to the County's motion must be filed by July 10, 2013. Any reply must be filed by July 17, 2013.

IT IS SO ORDERED.

Date: June 14, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge