1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

FRANK STERLING, ROBERT BARR, and
TIMOTHY VIERRA,

             Plaintiffs,

      v.

CITY OF ANTIOCH and COUNTY OF
CONTRA COSTA,

             Defendants.

Case No. 13-cv-00812 NC

**ORDER DENYING DEFENDANT
COUNTY OF CONTRA COSTA'S
MOTION FOR CERTIFICATION
UNDER 28 U.S.C. § 1292(b)**

Re: Dkt. No. 29

16      Pending before the Court is the County of Contra Costa's motion under 28 U.S.C.

17  § 1292(b) to certify for interlocutory appeal the Court's June 14, 2013, order, which denied

18  the County's motion to dismiss plaintiffs' claims as time-barred based on tolling under

19  California Government Code § 945.3. Because the Court finds that the County has not met

20  its burden to show that this is an exceptional situation warranting an interlocutory appeal,

21  the County's motion for § 1292(b) certification is DENIED.

22                        **I. BACKGROUND**

23      This 42 U.S.C. § 1983 case arises out of plaintiffs' arrest on November 21, 2009, by

24  the Antioch Police Department ("APD") and the subsequent detention of plaintiffs at the

25  Martinez Detention Facility ("MDF"), operated by the Contra Costa County Sheriff's

26  Office. *See generally* Dkt. No. 1. On February 22, 2013, plaintiffs filed this suit against the

27  City of Antioch, certain APD officers, the County of Contra Costa, and unidentified

28  employees of the County. *Id.* The County then moved to dismiss the claims against it and

Case No. 13-cv-00812 NC
ORDER DENYING MOTION FOR
CERTIFICATION

1    its employees on statute of limitations grounds. Dkt. No. 6. On June 14, 2013, the Court

2    denied the motion, finding that plaintiffs' claims were tolled under California Government

3    Code § 945.3 during the pendency of the criminal charges against them. Dkt. No. 28. The

4    County now moves to certify the Court's June 14, 2013, order for interlocutory appeal

5    under 28 U.S.C. § 1292(b). Dkt. No. 29. In its motion, the County also seeks to amend that

6    order to include certification language, and requests a "limited stay of discovery as to the

7    claims against the County and its employees." *Id.* Plaintiffs oppose the motion. Dkt. No.

8    32.

9                              **II. LEGAL STANDARD**

10        A district court may certify for interlocutory appeal an otherwise non-appealable

11   order when: (1) the order involves a controlling question of law; (2) as to which there is

12   substantial ground for difference of opinion; and (3) an immediate appeal from the order

13   may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). A

14   question is deemed "controlling" if "resolution of the issue on appeal could materially affect

15   the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020,

16   1026 (9th Cir. 1982) (citation omitted). With respect to the second factor, "[c]ourts

17   traditionally will find that a substantial ground for difference of opinion exists where 'the

18   circuits are in dispute on the question and the court of appeals of the circuit has not spoken

19   on the point, if complicated questions arise under foreign law, or if novel and difficult

20   questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633

21   (9th Cir. 2010) (citation omitted). Additionally, "when novel legal issues are presented, on

22   which fair-minded jurists might reach contradictory conclusions, a novel issue may be

23   certified for interlocutory appeal without first awaiting development of contradictory

24   precedent." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). As

25   to the third factor, the Ninth Circuit has held that an interlocutory appeal should not be

26   allowed if it might delay the resolution of the litigation because it could not be completed

27   before the scheduled trial date. *See Shurance v. Planning Control Int'l, Inc.*, 839 F.2d

28   1347, 1348 (9th Cir. 1988); *S.E.C. v. Sells*, No. 11-cv-4941 CW, 2012 WL 4897385, at *1-2

(N.D. Cal. Oct. 15, 2012).

Certification under § 1292(b) should be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citations omitted). The party seeking certification of an interlocutory order has the burden of establishing the existence of such an exceptional situation. *See Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

### III. DISCUSSION

The order the County seeks to certify for interlocutory appeal held that plaintiffs' claims against the County were not barred by the applicable statute of limitations on the basis that they were tolled under California Government Code § 945.3 during the pendency of the criminal charges against plaintiffs. Dkt. No. 28. Although tolling issues could in some circumstances be appropriate for interlocutory appeal, a consideration of the § 1292(b) certification factors here shows that the County has not met its burden to show that this is an exceptional situation warranting an interlocutory appeal.

As to the first factor, plaintiffs and the County agree that the tolling issue is a controlling question of law, because if the County's position is correct and the Court's decision is reversed on appeal, plaintiffs' claims against the County and its employees will be dismissed from the lawsuit with prejudice. Dkt. Nos. 32 at 4; 33 at 3. Given the significant overlap between the claims alleged against the County and the City of Antioch related defendants ("the Antioch Defendants"), it is questionable whether a dismissal of the County would materially affect the outcome of litigation. In any event, even if this factor supports the request for certification, the County has failed to demonstrate that interlocutory appeal would be appropriate considering the remaining factors.

With respect to the second factor, the County contends that the interpretation of § 945.3 and the scope of the tolling provided under the statute "are, of course, questions of law," Dkt. No. 29 at 7, and that there are substantial grounds for difference of opinion because (1) there is no settled law on the issue; and (2) because there is a split of authority. Dkt. No. 33 at 3-4. As the Court's June 14, 2013, order makes clear, in ruling that tolling

applied, the Court concluded that the present action against the County and its employees alleged a sufficient relationship between the claimed § 1983 violations and the criminal charges at the pleading stage. Dkt. No. 28 at 9. The County's arguments in support of § 1292(b) certification fail to take into account the importance of the legal standard and the procedural posture of the case to the Court's decision on the tolling issue.

The issue addressed by the Court was whether the present civil action against the County and its employees was "based upon conduct of the [County's employees] relating to the offense" for which plaintiffs were charged in the criminal complaint, "including an act or omission in investigating or reporting the offense or arresting or detaining the accused." Cal. Gov. Code § 945.3. Dkt. No. 28 at 6. Plaintiffs were criminally charged with resisting a peace officer and battery with injury upon a peace officer during their arrest by the APD. Dkt. Nos. 1 ¶ 83; 7 at 2:4-5. Plaintiffs' claims against the County in this action are based upon the alleged battery of plaintiffs by County employees during plaintiffs' detention at the MDF following their arrest by the APD. Dkt. No. 1 ¶¶ 21, 50-68, 118-20. The alleged battery occurred on the same day as the violent interaction between plaintiffs and the APD, and was in connection with, and as a result of, plaintiffs' arrest by the APD. Id. ¶¶ 34, 46, 50, 63. Moreover, the complaint alleges that the use of excessive force by the County employees was instigated and facilitated by the APD in telling the receiving County deputies that plaintiffs had assaulted and battered the arresting APD officers during plaintiffs' arrest, which is the same conduct for which plaintiffs were charged criminally. Id. ¶¶ 51-65, 83, 118. Construing the material fact allegations in the light most favorable to plaintiffs, the Court found that plaintiffs alleged a sufficient degree of interrelatedness and factual overlap between the criminal charges and the claims against the County to survive a motion to dismiss pursuant to § 945.3 tolling. Dkt. No. 28 at 11. Because the Court's decision turns to a large extent on the specific factual circumstances alleged in this case and the factual record is not yet developed, the Court finds that, at this stage, the tolling issue does not present the type of "novel legal issue" that would be appropriate for interlocutory appeal.

The County's argument that there is a split of authority on the tolling issue between this Court and one unpublished California Court of Appeal case fails for similar reasons. The County contends that the facts and legal issue in *Lincoln v. County of San Bernardino*, Super. Ct. No. RCV094494, 2010 WL 619747 (Cal. Ct. App. Feb. 23, 2010) (unpublished), "are virtually identical to the facts and legal issue here" but that the court there found that § 945.3 "does not apply where the civil action is unrelated to the criminal charges." Dkt. No. 33 at 4-5.[1] Assuming that this unpublished decision could demonstrate the requisite "substantial" ground for disagreement as to the controlling law, the County overlooks that the *Lincoln* decision arose from a motion for summary judgment:

> Lincoln insists there are disputed facts about whether-because the criminal proceedings were pending from February 10, 2004, until March 1, 2006-his detention by the County defendants was related to the criminal charges involving the CHP officers. ***But merely saying so does not make it true. In his deposition, Lincoln distinguishes between the separate conduct by the CHP officers and the County defendants. Nothing in the record demonstrates that the criminal charges against Lincoln, based on his offenses against the CHP officers, are factually related to what happened later between the County defendants and Lincoln when he was in jail.*** Because there are no disputed material facts, we determine as a matter of law that Lincoln's complaint against the County defendants was time-barred.

*Lincoln*, 2010 WL 619747, at *3 (emphasis added). Unlike the *Lincoln* case, the Court here was presented with a motion to dismiss and thus was required to accept as true the allegations of a factual relationship between the criminal charges against plaintiffs and the § 1983 claims against the County. Accordingly, *Lincoln* does not demonstrate a split of authority and the County has failed to establish a substantial ground for difference of opinion.

Finally, with respect to the third factor, the Court is not persuaded by the County's argument that an immediate appeal from the order would materially advance the ultimate termination of the litigation because the case involves two "distinct" sets of claims. Dkt.

---

[1] The County requested judicial notice of the complaint in the *Lincoln* case, "and the allegations therein," as well as the minute order of the Superior Court of the County of San Bernardino granting summary judgment, "and the findings therein," pursuant to Federal Rule of Evidence 201. Dkt. No. 34. The request is granted as to the existence of the documents but not as to the truth of their contents. *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).

No. 29 at 11-12.  The County's assertion that "[t]here can be no dispute that the claims against the Antioch Defendants and the claims against the County are distinct" ignores the allegations of the complaint and the factual overlap between plaintiffs' arrest and subsequent detention, including the identity of the persons involved in those events, and the communications and interactions between the APD officers and County employees.  Dkt. No. 33 at 7.  Furthermore, plaintiffs' opposition argues that resolution of the tolling issue on appeal will not appreciably shorten the time, effort, or expense of conducting the lawsuit because regardless of whether the County and its employees are defendants in this case, plaintiffs will propound written discovery on the County, and depose the involved Sheriff's deputies, Sheriff's investigators and any witnesses to plaintiffs' assault at the MDF so as to gather all probative evidence in support of plaintiffs' excessive force claims.  Dkt. No. 32 at 7.  Plaintiffs also intend to try their excessive force claims in connection with the assaults at the MDF even if the County defendants are dismissed from this lawsuit.  *Id.* at 8.  The Antioch Defendants also take the position that plaintiffs' claims against the County and the Antioch Defendants are "intertwined and overlap in significant regards" because plaintiffs' allegations against the County "flow directly from his [sic] allegations against the Antioch Defendants" and "the extent to which Plaintiffs were injured at the hands of the Antioch Defendants and/or the County Defendants are directly at issue in this case, making them inextricably intertwined."  Dkt. No. 39 at 2-3.  The Antioch Defendants argue that if an interlocutory appeal is allowed to go forward and the litigation is stayed as requested by the County, the entire matter should be stayed for all purposes against all defendants because there is a significant risk of having to perform the same or similar discovery twice if the County's appeal is later denied.  *Id.*

In conclusion, even if the County is correct that if the County and its employees were not parties, any trial would be shorter and discovery would be streamlined, it has not met its burden to show that any advancement of the ultimate termination of this litigation would be material and would justify delaying the litigation.  Dkt. No. 33 at 7.

//

1

**IV. CONCLUSION**

2          The County's motion for an order certifying the June 14, 2013, order, Dkt. No. 28, for

3   interlocutory appeal, and its related requests to amend the order to include certifying

4   language, and for a stay of the litigation, are DENIED.

5          IT IS SO ORDERED.

6          Date: September 10, 2013

7                                                          Nathanael M. Cousins
                                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 13-cv-00812 NC
ORDER DENYING MOTION FOR                    7
CERTIFICATION